UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 08-30184-MAP

CECILE BRACE, ADMINISTRATOR
OF THE ESTATE OF CYNTHIA BRACE,
PLAINTIFF
V.
COMMONWEALTH OF MASSACHUSETTS,
DEFENDANT

**DEFENDANT'S MOTION IN LIMINE ON COUNT II TO PRECLUDE ARGUMENT AND EVIDENCE OF NEGLIGENCE OF ANY EMPLOYEE EXCEPT STEPHEN GOBEILLE AND JENNIFER KANE**

Defendant in the above-captioned matter hereby moves to preclude any argument and any evidence of alleged negligence of any public employee other than Stephen Gobeille or Jennifer Kane, including any argument or evidence that the detox policy in use at the Hampden County Correctional Center (the "HCCC") was in any way deficient.

In support, defendant states that the waiver of sovereign immunity under M.G.L. c. 258, §2 is a limited one and is limited, for the purposes of this action, to vicarious liability for the negligence of particular public employees acting within the scope of their employment.

Section 2 of Massachusetts General Laws, chapter 258 provides, in part, that

> Public employers shall be liable for injury ... caused by the negligent or wrongful act or omission of *any public employee* while acting within the scope of *his office* or employment, in the same manner and to the same extent *as a private individual* under like circumstances, .... The remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer or, *the public employee* or his estate whose negligent or wrongful act or omission gave rise to such claim, and *no such public employee* or the estate of such public employee shall be liable for any injury ... caused by his negligent or wrongful act or omission while acting within the course and scope of *his office or employment*. (emphasis added)

*[Handwritten annotation:]* DENIED, without prejudice. Evidence of others' negligence may be relevant to the jury's assessment of the possible impact of the negligence of Kane or Gobeille. So ordered. Michael A. Ponsor USDJ  4-25-12