UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO: 08-CV-30184-MAP

| | |
|---|---|
| ESTATE OF CYNTHIA BRACE, Plaintiff | ) ) ) |
| v. | ) ) |
| COMMONWEALTH OF MASSACHUSETTS, ET AL., Defendants | ) ) ) ) |

**MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO PRIOR CONVICTIONS OF CECIL BRACE OR EXAMINATION OF HIM REGARDING HIS SONS' ALLEGED BAD ACTS**

Now comes the Plaintiff and moves that this Court preclude the Defendants from examining Cecil Brace on any prior convictions or alleged bad acts. The Plaintiff also moves to preclude the Defendants from making inquiry of Mr. Brace as to any of his son's alleged bad acts or prior convictions. As reasons therefore, the Plaintiff states that such evidence has very little probative value as to whether the Defendants were negligent in providing medical care to Ms. Brace in August of 2005. The prejudicial affect of introducing such information is highly outweighed by any probative value. Moreover, a prior assault and battery, drunk driving and drug convictions do not bear on the truthfulness of the witness.

During Mr. Brace's deposition on April 2, 2012, the Defendants made inquiry of his son's prior convictions and questioned him about news articles which relate to alleged bad acts of one his sons. This information is highly prejudicial and would only be offered to inflame the jury and to have them draw an impermissible inference- that

*Allowed, except as to the convictions for receiving stolen property — unless the drift of testimony "opens the door." So ordered. Michael A. Ponsor USDJ 4.25.12*