UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
CECIL BRACE, ADMINISTRATOR     )
OF THE ESTATE OF CYNTHIA BRACE,)
        Plaintiff              )
                               )
            v.                 )   C.A. 08-CV-30184-MAP
                               )
COMMONWEALTH OF MASSACHUSETTS, )
ET AL.,                        )
        Defendants             )
```

ORDER OF DISMISSAL RE: COUNT II

April 25, 2012

PONSOR, U.S.D.J.

    The complaint in this matter originally contained thirteen counts, all centering upon the death of Plaintiff's decedent Cynthia Brace while in the custody of the Hampden County House of Correction in Ludlow, Massachusetts. (Dkt. No. 1, Ex. 1.) As a result of voluntary dismissals and the court's ruling on Defendants' Motion for Summary Judgment, the case was reduced to claims as set forth in Counts I and II. (See Dkt. No. 72.)

    Count I offers a straightforward claim pursuant to Mass. Gen. Laws ch. 258, the Massachusetts Tort Claims Act ("MTCA"). This count alleges that the Commonwealth of Massachusetts is liable vicariously based upon the negligence of "employees at the Hampden County House of

Correction . . . ." (Compl. ¶ 66.) The specific employees subsequently identified in discovery as the persons for whose negligence the Commonwealth bears vicarious responsibility in Count I are Jennifer Kane and Steven Gobielle.[1]

Count II purports to be a claim of "direct liability" against the Commonwealth of Massachusetts. This count makes no reference to the MTCA or to any theory of vicarious liability. It alleges that the Commonwealth negligently failed to train correctional officers and medical personnel in the care and treatment of inmates suffering withdrawal, negligently failed to supervise personnel, negligently failed to implement procedures and protocols for the proper evaluation and treatment of persons suffering withdrawal, negligently failed to publish procedures and protocols for the proper evaluation and treatment of persons suffering withdrawal, negligently failed to make available necessary medications, and negligently failed to use area hospitals and outside medical providers. (Id. ¶ 71.)

In their Motion for Summary Judgment on Count II (Dkt. No. 58), Defendants focused their arguments on the

---

[1] Two other employees originally named have been dismissed. The spelling of Steven Gobielle's name appears in various forms in the parties' papers. The court has adopted the version used in the caption of the complaint.

discretionary function exception to the MTCA. See Mass. Gen. Laws ch. 258, § 10(b). The court's ruling on Defendants' motion rejected this claim for discretionary function immunity. (Dkt. No. 72, at 25-28.) In retrospect, this focus appears off base, since Count II does not purport to offer a claim under the MTCA, but rather a separate "direct" claim against the Commonwealth not vicariously based on any specific employee's negligence.

A review of the case law fails to reveal any legal basis for such a "direct" claim. The Commonwealth of Massachusetts enjoys sovereign immunity against claims for negligence and has waived its immunity, at least for actions in tort, only to the extent set down in Mass. Gen. Laws ch. 258. Under this statute, public employers

> shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . . .

Mass. Gen. Laws ch. 258, § 2.

So far as the court can discern, it is not possible to sue the Commonwealth "directly" for its negligence without invoking the MTCA. Since Count II depends on the existence of an independent cause of action for "direct liability" against the Commonwealth that is separate and apart from the

3

MTCA, it is subject to dismissal on the ground that it has no legal basis.

During oral argument Plaintiff's counsel resourcefully attempted to re-frame Count II as, in essence, a claim under Mass. Gen. Laws ch. 258. The failure of the House of Correction to use reasonable care in the development of protocols, in the supervision of employees, and in the other identified areas, as asserted in Count II, resulted from the negligence of employees of the House of Correction, counsel argued, and the Commonwealth might therefore be vicariously liable for this conduct under the MTCA.

The problem with this argument is two-fold. First, as noted, this is not how the complaint reads. Second, and perhaps more importantly, this re-casting is inconsistent with discovery. No specific individuals are identified in connection with Count II whose negligence could form a basis for the Commonwealth's vicarious liability. Admittedly, a number of employees are referenced generally in discovery and in the expert reports. The contours of the tortious conduct, however, are simply too amorphous, and the identification of the individuals allegedly committing the tortious acts is simply too vague to support a claim at this time under chapter 258 in Count II. For example, it does not appear that the discovery revealed the names of persons

4

actually responsible for establishing treatment protocols, or for training personnel.

With trial in the immediate future, it is simply too late to try to manufacture the sort of specifics that would be needed to support a claim under the MTCA in Count II. The fact is, Count II was never intended to be an MTCA count, and it cannot be transformed into one now. Managing a trial and instructing a jury on a theory of vicarious liability with regard to Count II would be a practical impossibility at this point.

For the foregoing reasons, Count II is hereby DISMISSED. The trial set to commence on May 7, 2012 will focus entirely upon Count I, the MTCA count, and specifically upon the negligence of Jennifer Kane and Steven Gobielle, for which the Commonwealth is alleged to be vicariously liable.[2]

---

[2] Despite this ruling, the court has denied without prejudice Defendant's motion in limine to preclude argument and evidence of negligence of any employee except Steven Gobielle and Jennifer Kane (Dkt. No. 97). Although the Commonwealth may only be vicariously liable for the negligence of Gobielle and Kane, evidence relating to the negligence of others may conceivably have relevance or be helpful to the jury in weighing the effect of the negligence of Gobielle and Kane.

5

It is So Ordered.

                                       <u>/a/ Michael A. Ponsor</u>
                                        MICHAEL A. PONSOR
                                        U. S. District Judge